Opinion issued April 5, 2012.



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00970-CV

____________

 








KEVIN EMANUEL JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 1000577

 




 
 
 
 
 
 
 


 



MEMORANDUM OPINION








This an
attempted appeal from an order divesting appellant, Kevin Emanuel Jackson, of
ownership of a dog, described as “One White Female Pit Bull,” and ordering that
the dog be given to the Houston Society for the Prevention of Cruelty to
Animals (Houston SPCA).  We dismiss for
lack of jurisdiction.  

Texas
Health and Safety Code chapter 821 provides justice courts with special and
limited jurisdiction over forfeiture of animals found in situations
constituting cruelty to animals.  See Tex.
Health & Safety Code Ann. § 821.022–.025 (Vernon 2010 &
Supp. 2011); see Chambers v. Justice Court Precinct One, 195 S.W.3d 874, 5 (Tex.
App.—Dallas 2006, no pet.).  An owner
divested of ownership under this chapter may appeal the justice court’s order
to a county court in the county in which the justice or municipal court is located.  Tex.
Health & Safety Code Ann. § 821.025(a) (Vernon Supp. 2011).  The county court “shall consider the matter
de novo and dispose of the appeal.”  Id. 821.025(d).  The decision of the county court or county
court at law “is final and may not be further appealed.”  Id.
821.025(e).  

On August
10, 2011, the Harris County Constable’s Office seized appellant’s dog, pursuant
to a warrant for seizure.  After a
hearing, the justice court found that appellant had cruelly treated or
abandoned the dog, and the court divested appellant of ownership.  See id.
§ 821.023. Appellant appealed to the county court.  See id.
§ 821.025(a).  The county court
also found that appellant had cruelly treated the dog and divested appellant of
ownership.  See id. § 821.025(d).  The county court awarded custody of the dog
to the Houston SPCA and ordered that appellant’s $872 bond be paid to the
Houston SPCA.  Appellant appealed to this
court.  

Because
the statute provides that the decision of the county court or county court at
law “is final and may not be further appealed,” appellant may not appeal to
this court.  See id. § 821.025(e).  

On December
9, 2011, the Court notified the parties of its intent to dismiss the appeal for
want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction.  See Tex.
R. App. P. 42.3(a).
Appellant did not respond. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R.
App. P. 42.3(a), 43.2(f).
 We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices
Higley and Brown.